O'CONNOR v. VILLAGE OF WATERFORD et al.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

1. MUNICIPAL CORPORATIONS ⬚⟶867—VILLAGES—STATUTES.
    Village Law (Consol. Laws, c. 64) § 131, as amended by Laws 1910, c. 598, declares that, if the vote at an election on the proposition to raise money be against such proposition, no proposition embracing the same object shall be again submitted within 90 days.   Section 380 declares that a village incorporated under a special law shall be subject to all the liabilities imposed by the general law not inconsistent with such special law.   The village of Waterford was incorporated under Laws 1859, c. 243, section 18 of which provides that a resolution to raise money for a special purpose or to increase the fund to defray the ordinary expenses may be adopted at a special meeting called by the trustees, but no such meeting shall be called within three months next preceding the annual meeting.   Section 28 declares that the trustees shall have the power to call special meetings when in their judgment the interests of the village require it.   *Held*, that the limitation contained in Village Law, § 131, was not applicable to the village of Waterford, being in conflict with the special charter.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1841; Dec. Dig. ⬚⟶867.]

2. MUNICIPAL CORPORATIONS ⬚⟶867—REVENUE—SUBMISSION OF PROPOSITIONS TO RAISE MONEY.
    A proposition whether the village of Waterford should raise $500 for general taxes in addition to the amount allowed by law is not one which should be submitted to the voters; Village Charter (Laws 1859, c. 243) §§ 15, 18, requiring such propositions to state the sum which should be raised for each object.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1841; Dec. Dig. ⬚⟶867.]

3. COSTS ⬚⟶230—ALLOWANCE—APPEAL.
    Where neither party was entirely right at the Special Term, and neither wholly prevailed on appeal, neither should be allowed costs.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 869–876; Dec. Dig. ⬚⟶230.]

Appeal from Special Term, Montgomery County.

Application by Thomas O'Connor for a writ of mandamus against the Village of Waterford and others.   From an order issuing a peremptory writ of mandamus, defendants appeal.   Modified and affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

J. W. Atkinson, of Waterford, for appellants.
Thomas O'Connor, of Waterford, pro se.

COCHRANE, J.   The village of Waterford is incorporated under a special act, chapter 243 of the Laws of 1859.   At the annual village election on April 27, 1915, six propositions involving the expenditure of money were submitted to the voters.   Five of these propositions were defeated and one accepted.   On May 3, 1915, the village trustees again adopted a resolution for the submission of six propositions to

the voters at a special meeting to be held on June 7th following. Of these six propositions, five embraced the same objects as had been submitted to the voters and rejected by them on April 27th, although differing in some of their details.

[1] The order appealed from restrained the appellants from submitting any of such propositions to the voters on June 7, 1915. Such order was based on section 131 of the Village Law, as amended by Laws 1910, c. 598, which reads as follows:

"If the vote at an election upon a proposition to purchase property or to raise a tax or to incur a debt shall be against such proposition, no proposition embracing the same object shall be again submitted before the lapse of ninety days thereafter."

٭As five of the six propositions which the village trustees were attempting to submit to the voters of the village on June 7, 1915, had been rejected at a village election within 90 days prior thereto, one of the questions in the case as to such five propositions is whether said section 131 of the Village Law as amended applies to the village of Waterford. Section 380 of the Village Law is as follows:

"A village incorporated under and subject to a special law, and each officer thereof, possesses all the powers and is subject to all the liabilities and responsibilities conferred or imposed upon a village incorporated under this chapter, or upon an officer thereof, not inconsistent with such special law."

In my opinion section 131 of the Village Law prohibiting the submission of a proposition to the electors before the lapse of 90 days after its rejection is "inconsistent with such special law" (chapter 243 of the Laws of 1859, as amended) constituting the charter of the village of Waterford. The provisions of said special law bearing on this question are as follows:

"Sec. 18. A resolution to raise money for a special purpose, or to increase the fund to defray the ordinary expenses of the village for the current year, may be adopted at a special meeting called by the trustees, on a notice subscribed by the president or clerk, specifying the object and amount in the same manner, and published as required in section fifteen, but no such meeting shall be called within three months next preceding the annual meeting."

"Sec. 28. It shall be the duty of the trustees, and they shall have the power: * * * 5. To call special meetings of the electors, when, in their judgment, the interests of the village shall require it, and to give notice in the manner provided for by law for the annual and special meetings."

These provisions of the special law under which the village of Waterford was incorporated clearly made it the duty of the trustees and gave to them the power to call special meetings of the electors at any time "when in their judgment the interests of the village shall require it," except only that a special meeting for the purposes indicated in section 18 may not be called "within three months next preceding the annual meeting." To read into this special act the provisions from the General Village Law that such a meeting shall not be held "before the lapse of ninety days" after a previous meeting is inconsistent with the express duty imposed on the trustees and the power conferred on them to call special meetings whenever in their judgment the interests of the village so require. The village charter makes it their duty to exercise their judgment at all times save only that certain

meetings cannot be called within three months next preceding the annual meeting. Section 131 of the Village Law, if it prevents any meeting of the electors within 90 days after a previous meeting, destroys section 28 of the charter to the extent that such last-mentioned section empowers the trustees and makes it their duty to call special meetings of the electors within 90 days of a former meeting "when in their judgment the interests of the village shall require it." The general law would suspend the exercise of the judgment of the trustees for 90 days, whereas the charter affirmatively casts on them the positive duty of exercising their judgment at all times save as restrained by section 18 thereof. The provisions of the general law are therefore inconsistent with those of the village charter, and under section 380 of the former do not apply.

[2] The respondent further urges that the propositions in question are not such as could at any time be submitted to the electors under the village charter. This is clearly so as to the first proposition, viz., "Shall the sum of $500 be raised for general taxes in addition to the amount allowed by law?" for the reason that it does not specify the "object or objects stating the sum proposed to be raised for each object," as required by sections 15 and 18 of the village charter. The propositions, however, relating to the purchase of fire hose and repairing the fire engine and engine house, were in proper form, and might have been submitted to the voters under sections 13, 14, and 18 of the charter.

[3] The time fixed for the special election, viz., June 7, 1915, having expired, this appeal is academic, except as to the costs imposed by the order from which the appeal is taken, which costs should be eliminated from said order, inasmuch as neither party was entirely right at the Special Term.

Order modified, in accordance with this opinion, and, as so modified, affirmed, without costs. All concur.